# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HENRY HERSMAN, | ) |
| Petitioner, | ) |
| vs. | ) CIVIL NO. 09-cv-118-DRH |
| PEOPLE OF THE STATE OF ILLINOIS, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner, currently incarcerated in the Hill Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his state conviction. Although Petitioner has paid the $5 filing fee, he neverthess seeks leave to proceed *in forma pauperis* (Doc. 2) pursuant to 28 U.S.C. § 1915 - primarily for the purposes of his motion to appoint counsel (Doc. 3).

Based on Petitioner's financial information, his motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

Petitioner was convicted in the Circuit Court of Jersey County, Illinois, of two counts of possessing a controlled substance; five counts of attempted murder; one count of aggravated arson; and one count of possessing an incendiary device. Petitioner states that he was sentenced to 28 years imprisonment for these offenses. In support of § 2254 application, Petitioner claims: (1) that he was

denied effective assistance of trial counsel; (2) the trial court erroneously found Petitioner fit to stand trial; and (3) that his sentence is excessive.

Rule 2(a) of the Federal Rules Governing § 2254 Cases in the United States District Courts provides that proper respondent to this action is "the state officer who has custody" of Petitioner. In this case, the appropriate respondent is Gerardo Acevedo, Warden at Hills Correctional Center - not the People of the State of Illinois. Accordingly,

**IT IS HEREBY ORDERED** that Respondent People of the State of Illinois is **DISMISSED** from this action.

**IT IS FURTHER ORDERED**, that Gerardo Acevedo is added to this action as the proper respondent.

**IT IS HEREBY ORDERED** that Respondent shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue.

Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED**.

**DATED:** June 23, 2009.

                                            /s/   DavidRHerndon
                                            **DISTRICT JUDGE**