IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**HENRY HERSMAN,**

    Petitioner,

v.                                                                      No. 09-cv-118-DRH

**GERALDO ACEVEDO,**

    Respondent.

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

## I.   Introduction

Before the Court is a report and recommendation (R&R) of United States Magistrate Judge Wilkerson, issued pursuant to 28 U.S.C. § 636(b)(1)(B) (Doc. 48), recommending denial of petitioner Henry Hersman's amended petition for habeas corpus, filed pursuant to 28 U.S.C. § 2254 (Doc. 29).  The R&R was sent to the parties, with a notice informing them of their right to appeal by way of filing "objections" within fourteen days of service of the R&R.  In accordance with the notice, petitioner timely filed a document titled reply to report and recommendation (Doc. 54). The Court construes this document as petitioner's objections to the R&R.  Accordingly, this Court must undertake *de novo* review of the specifically objected-to portions of the R&R.  28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); SOUTHERN DISTRICT OF ILLINOIS LOCAL RULE 73.1(b); *Willis v.*

*Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Additionally, the Court reviews portions of the R&R to which petitioner makes "no objection or only partial objection," for clear error. *See Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir. 1999). The Court may "accept, reject, or modify the recommended decision." *Willis*, 199 F.3d at 904. For the reasons discussed herein, the Court **ADOPTS** the findings of the R&R.

## II. Background

As to the underlying facts of the instant dispute, the Court refers to the R&R, as it recites the facts as stated in the Rule 23 unpublished direct appeal decision affirming petitioner's judgment that the Illinois Fourth District Appellate Court issued on March 23, 2007 (*See* Doc. 48, pp. 1-4; Doc. 39-3, pp. 2-7). Summarily, petitioner pled guilty to two counts of unlawful delivery of a controlled substance and to 13 of the 19 charges brought against him in connection with his driving a burning vehicle into the home his former spouse, Sally Jane (Jane), Jane's parents, and petitioner's and Jane's two children were occupying. Since petitioner's plea of July 14, 2004, he has continuously attempted unsuccessfully to withdraw his plea and receive a trial. However, as the Court shall explain, contrary to the assertions of petitioner's objections, the merits of the legality of petitioner's plea are not properly before this Court.

Further, the Court presumes familiarity with petitioner's underlying direct appeal and various post-conviction proceedings, as extensively recited in the R&R.

However, the Court shall briefly recite the pertinent procedural and factual history of petitioner's instant Section 2254 habeas corpus petition.

Petitioner filed his initial federal *pro se* petition for habeas corpus relief on February 12, 2009 (Doc. 1). Petitioner initially raised three grounds for relief. First, petitioner claimed ineffective assistance of counsel, as he alleged his trial counsel failed to call thirty three witnesses, failed to depose two witnesses who testified at trial, did not file proper motions, coerced petitioner into pleading guilty, maintained insufficient contact with petitioner, and failed to withdraw from the case when petitioner requested his withdrawal. Second, petitioner claimed the trial court violated his due process rights, as it failed to hold a fitness hearing, failed to admonish him regarding his rights, failed to provide him with experienced counsel, denied his motion to change venue, allowed the testimony of witnesses who the prosecutor coached, and allowed the victims to dictate to the prosecutor the length of his prison sentence. Finally, petitioner claimed the trial court violated his Eighth Amendment rights, as it failed to consider mitigating evidence at sentencing, sentenced petitioner to 28 years at 85%, set bail at $2,000,000.00, and allowed trial counsel to advise petitioner the court would be lenient on petitioner, due to his mental illness. Additionally, petitioner supplemented his initial petition on April 7, 2009, requesting the Court allow petitioner to withdraw his guilty plea (Doc. 5).

After an initial review of petitioner's claims, the Court appointed William A. Shirley (Shirley) to represent petitioner on June 24, 2009 (Doc. 7). The Court granted Shirley leave to file an amended petition (Doc. 15). Thus, on April 27,

2010, petitioner filed a document titled amendment of petition and memorandum (Doc. 29). The amended petition advances one ground for relief: ineffective assistance of counsel (Doc. 29, p. 13). However, before citing ineffective assistance of counsel as the only ground "ripe for review," petitioner discusses the viability of his initial claims for violations of his due process and Eighth Amendment rights; ultimately concluding those grounds do not merit the Court's review. Thus, the following represent the extent of the issues instantly before the Court on petitioner's amended 28 U.S.C. § 2254 petition:

1. whether the Petitioner asked his public defender to call thirty-three witnesses and the subjects about which such witnesses would testify;

2. whether the public defender's performance prejudiced the defense by telling the Petitioner that he would get 60 years if he did not take the 6 to 30 years offered by the state of Illinois;

3. whether the Petitioner and his public defender had sufficient contact;

4. whether the public defender should have withdrawn at the request of the Petitioner;

   and

5. whether the public defender's statements that the court would be lenient at sentencing because of the Petitioner's mental illness misled the Petitioner and prejudiced his defense.

(Doc. 29, p. 13).

On June 25, 2010, respondent filed a response (Doc. 38) and exhibits (Doc. 39), demonstrating his contention that all of petitioner's initial claims were either procedurally defaulted or without merit (Doc. 1). Further, he stressed that the entirety of petitioner's amended petition (Doc. 29) was not available for this Court's review, as petitioner did not raise ineffective assistance of counsel on

direct appeal and did not timely appeal the denial of these claims in any of his five post-conviction state proceedings (*See* Doc. 38).

As petitioner's amended petition was ripe for review, Magistrate Judge Wilkerson entered an R&R on February 13, 2012, recommending dismissal of petitioner's claims (Doc. 48). As the Court stated previously, it construes petitioner's amendment of petition and memorandum (Doc. 29) as an amended petition. Thus, the R&R correctly notes it does not consider claims brought in petitioner's initial petition yet concluded not "ripe for review" in the amended petition. Therefore, the R&R only addresses petitioner's claims for ineffective assistance of counsel recited above. As stated previously, petitioner did not bring claims of ineffective assistance of counsel on direct appeal (*See* Doc. 39-1).[1] Further, while petitioner did raise claims of ineffective assistance of counsel in his second, third, fourth, and fifth petitions for post-conviction relief, he did not timely appeal their denials (*See* Doc. 1, p. 3; Doc. 38, p. 6 n. 6).[2]

Based on petitioner's failure to bring claims of ineffective assistance of counsel in his direct appeal or timely appeal the denial of his post-conviction petitions, the R&R found petitioner procedurally defaulted his instant claims, as he had not received one complete round of state court review. Further, the R&R noted the Court could have reached the merits of petitioner's claims provided he

---

[1] The Court notes petitioner's initial petition alleges he did raise ineffective assistance of counsel on direct appeal (Doc. 1, p. 2). However, review of the appellate decision to which petitioner cites, dated March 23, 2007, demonstrates the falsity of petitioner's contention (*See* Doc. 39-1).
[2] The Court notes petitioner's initial petition states he appealed the denial of his first petition for post-conviction relief in which he did not raise ineffective assistance of counsel (*See* Doc. 1, p. 3). However he did not appeal the denial of his second petition for post-conviction relief in which he first raised ineffective assistance of counsel (Doc. 1, p. 3).

demonstrated cause and prejudice for the default, or presented a fundamental miscarriage of justice; namely, a viable allegation of actual innocence. However, petitioner did not address cause and prejudice or actual innocence in his amended petition. Nevertheless, in reviewing the record, the R&R noted it did not find cause and prejudice for petitioner's failure to raise these claims in his direct appeal or in an appeal from the dismissal of his post-conviction petitions. Moreover, the R&R noted the record did not reveal a fundamental miscarriage of justice, as petitioner did not state a claim of actual innocence. Accordingly, as it found no cause and prejudice for petitioner's procedural default, nor did it find that a fundamental miscarriage of justice occurred, the R&R recommends dismissal of petitioner's claims.

As the R&R was filed on February 13, 2012, petitioner's objections were initially due on March 1, 2012 (Doc. 48-1 (citing SDIL-LR 73.1(b)). On March 1, 2012, petitioner filed a document titled motion for petitioner to sit second seat in all court proceedings (Doc. 49). Petitioner generally related his dissatisfaction with Shirley, claiming Shirley wrongfully refused to include certain documents as exhibits to his amended petition and his objections to the R&R. Petitioner claims these documents demonstrate his innocence as to his underlying state conviction (*See* Doc. 49-1; Doc. 49-2). The Court struck petitioner's motion on March 2, 2012, as petitioner's status as a represented party prohibited him from personally filing documents in his case (Doc. 52). Interestingly, the same day petitioner filed his now-stricken motion, Shirley filed a motion to withdraw as petitioner's counsel (Doc. 50). Shirley stated petitioner requested that Shirley present

statements to the Court that he believed violated rules of professional conduct; specifically, his duty not to knowingly offer false testimony or evidence. On March 5, 2012, the Court granted Shirley's motion, allowing his withdrawal. Thus, the Court allowed petitioner an additional 60 days to file his objections to the R&R (Doc. 53). Thus, petitioner's objections were due by April 30, 2012. As petitioner elected to file his objections on March 23, 2012, petitioner's objections to the R&R are now ripe for review (Doc. 54).[3]

### III. Argument and Analysis

#### a. Petitioner's Objections to Findings of Fact

##### i. Petitioner's Factual Assertions

The crux of petitioner's objections to the R&R revolves around his claim of innocence as to his underlying state conviction. Thus, petitioner objects to issues not specifically addressed in the R&R. Generally, petitioner objects to the R&R's recital of the factual background of the underlying proceedings taken from the Rule 23 unpublished direct appeal rendered on March 23, 2007, affirming petitioner's judgment (Doc. 39-3, pp. 2-7). Petitioner attaches various documents to his objections that he claims provide "clear and convincing evidence" of the "factual accurate happenings."

Specifically, plaintiff attempts to bring before the Court facts that are irrelevant to his instant petition. Namely, petitioner relates facts concerning his and Jane's

---

[3] The Court notes petitioner's objections include various exhibits; namely, sentencing testimony, newspaper clippings, letters from Shirley, and police reports with statements of petitioner written in his own hand (Doc. 54-1). The documents are nearly identical to the documents petitioner attached to his now-stricken motion to sit second seat that Shirley claims would have caused him to violate applicable rules of professional conduct had he elected to attach them to petitioner's proposed objections (Doc. 49).

volatile relationship. Further, petitioner alleges, "he did not send a burning car" into the house in which his family was residing. Petitioner claims Jane's boyfriend was the responsible party. In support, petitioner cites to a letter from Jane generally discussing her boyfriend with petitioner (Doc. 54-1, p. 22). Additionally, petitioner includes an investigative report which he claims proves that he was two miles away from the site of the incident when the burning car entered the building (Doc. 54-1, p. 6). Petitioner attempts to make factual connections concerning his innocence based on newspaper clippings and portions of letters that the Court finds attenuated at best. In construing petitioner's arguments as liberally as possible, it appears petitioner claims three cars were involved in the accident; his car (which he claims was two miles away), the car of Jane's boyfriend, and an alleged "get away" car. However, the contended relation of these vehicles to the underlying facts of petitioner's case is unclear to the Court.

Moreover, petitioner cites to the R&R's recital of the facts underlying his conviction for two counts of unlawful delivery of a controlled substance. Petitioner states the police entrapped him. Finally, petitioner attempts to explain and expound upon the underlying factual basis of his state court convictions, alleging general facts concerning his decision to speak at his sentencing hearing, the amount of pills he was taking at any given time, and an alleged gunshot wound plaintiff suffered at the time of the burning-car incident.

### ii. Legal Standard and Application

Importantly, the Court notes the aforementioned facts are irrelevant to the findings of the R&R. As the Court stated, the sole ground for which petitioner

seeks relief is ineffective assistance of counsel. Moreover, petitioner does not object to the R&R's recital of the facts relevant to his instant claims. Namely, petitioner does not object to the R&R's finding that petitioner did not appeal the denial of his post-conviction petitions for relief. However, despite the irrelevancy of petitioner's arguments to the R&R's findings, the Court shall briefly explain why petitioner has not presented evidence sufficient to rebut the presumption of correctness of the state court's factual findings.

As the R&R correctly notes, pursuant to Section 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Baddell v. Correll*, 452 F.3d 648, 659 (7th Cir. 2006). Thus, a petitioner cannot successfully challenge a state court decision based on a factual determination under § 2254(d) unless the state court committed an "unreasonable error." 28 U.S.C. 2254(d)(2); *Morgan v. Hardy*, 662 F.3d 790, 798 (7th Cir. 2011) (citing *Ward v. Sternes*, 334 F.3d 696, 703-04 (7th Cir. 2003)). Further, should a petitioner demonstrate that the state court determined an underlying factual issue against the clear and convincing weight of the evidence, the petitioner has "gone a long way towards proving that it committed unreasonable error." *Id.* (citing *Ward*, 334 F.3d at 704). "A state court decision that rests upon a determination of fact that lies against the clear weight of the evidence is, by definition, a decision 'so inadequately supported by the record' as to be arbitrary and therefore objectively

unreasonable." *Id.* (quoting *Hall v. Washington*, 106 F.3d 742, 749 (7th Cir. 1997)).

The Illinois Court of Appeals decision of March 23, 2007, based its recital of the underlying facts on the relevant investigative reports and interviews in addition to the facts as petitioner agreed to them at his plea hearing (*See* Doc. 29-8, p. 10). Petitioner attempts to rebut these facts with redacted portions of sentencing testimony (Doc. 54-1, pp. 9-11, 15-17, 19, 21) (petitioner highlights partial testimony of victims stating they did not see petitioner behind the wheel), newspaper clippings discussing unrelated incidents (Doc. 54-1, p. 25), investigative reports onto which petitioner transcribes his own recitations of innocence (Doc. 54-1, pp. 6-8, 23-24), petitioner's medical evaluations (Doc. 54-1, pp. 18, 20), and personal letters (Doc. 54-1, pp. 22, 26). Clearly, petitioner's statements and exhibits, which are irrelevant to the R&R's findings, do not present clear and convincing evidence capable of rebutting the correctness of the state court's recitation of facts. Thus, although largely irrelevant to the R&R's finding of procedural default of petitioner's relevant claims, the Court adopts the R&R's recital of the underlying facts of petitioner's state conviction.

### b. Petitioner's Claim of Actual Innocence

#### i. Objection to the R&R's Findings

Finally, the only specific finding of the R&R to which petitioner objects is the R&R's statement that petitioner, "makes no contention that he is actually innocent" (Doc. 48, p. 12). Petitioner states he has been pleading his innocence for nine years (Doc. 54, p. 10). As a matter of record, the R&R correctly notes

that neither petitioner's instant amended petition, nor his initial petition, include a contention of actual innocence. However, as procedural default is an affirmative defense, petitioner was not required to show cause, prejudice, or actual innocence in his petition. *See Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010).

The crux of the R&R's finding is that petitioner's instant claims of ineffective assistance of counsel, while raised in petitioner's second, third, fourth, and fifth successive post-conviction petitions, did not receive one complete round of state court review, as petitioner did not appeal their denials (Doc. 48, p. 12). Thus, the R&R held the Court could not properly address the merits of petitioner's instant claims as they are procedurally defaulted. *See Lewis v. Sternes,* 390 F.3d 1019, 1025-26 (7th Cir. 2004) (stating, "[f]air presentment . . . requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings," this includes "each and every level in the state court system, including levels at which review is discretionary rather than mandatory") (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)). Upon review of the record, the Court finds the R&R's finding is correct, as petitioner did not appeal the denial of his post-conviction proceedings. Further, petitioner does not object to this finding.

### ii. Legal Standard and Application

Petitioner objects to the R&R's finding that he has not made a contention of actual innocence. A federal court entertaining a habeas petition cannot reach the merits of a procedurally defaulted claim unless the petitioner demonstrates either

(1) cause for and actual prejudice from failing to raise the claim properly, or (2) that enforcing the default would result in a "fundamental miscarriage of justice." *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977); *Gomez v. Jaimet,* 350 F.3d 673, 679 (7th Cir. 2003). Petitioner does not argue cause and prejudice for failing to appeal his post-conviction denials. However, implicitly, petitioner argues the Court should reach the merits of his claims despite the procedural default to avoid a "fundamental miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Coleman v. Hardy*, 628 F.3d 314, 318 (7th Cir. 2010). Thus, although not stated in these exact terms, petitioner argues his actual innocence requires excuse of his default. *See Schlup v. Delo*, 513 U.S. 298, 314-15 (1995); *Hardy*, 628 F.3d at 319.

Thus, petitioner must demonstrate "that 'in light of new evidence, it is more likely than not that no reasonable juror would find him guilty beyond a reasonable doubt.'" *Morales v. Johnson*, 659 F.3d 588, 605 (7th Cir. 2011) (citing *Hardy*, 628 F.3d at 319) (quoting *House v. Bell*, 547 U.S. 518, 537 (2006)). Petitioner must "support the innocence claim 'with new reliable evidence- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence- that was not presented at trial.'" *Id.* (citing *Hardy*, 628 F.3d at 319; *Schlup*, 513 U.S. at 324).

Petitioner has not demonstrated that had he had a trial, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt based on his instant assertions and exhibits. The bulk of petitioner's evidence consists of petitioner's obviously self-serving statements of

innocence; namely, declarations that Jane's boyfriend is the responsible party. Moreover, these documents and assertions are clearly not "new," as petitioner merely recites facts allegedly known to him at the time of his plea. Further, petitioner cites to the same documents the Court references above and ultimately determines irrelevant to petitioner's claims. These documents are self-serving, unreliable, and largely irrelevant to petitioner's substantive conviction.[4] Accordingly, petitioner has not presented a viable claim of actual innocence capable of overcoming the procedural default of his claims.

Moreover, petitioner has not presented evidence of cause and prejudice for the default. The R&R noted a review of the record does not demonstrate cause and prejudice existed for petitioner's failure to appeal his post- conviction denials. The Court similarly reviewed the record and agrees with the R&R's finding.[5] Thus, the Court adopts the R&R's finding that petitioner procedurally defaulted his claims. Further, as the Court similarly adopts the R&R's finding that petitioner has neither presented evidence of cause and prejudice, nor a viable

---

[4] The Court feels it necessary to address a letter from Shirley that petitioner attaches to his objections (Doc. 54-1, p. 5). In it, Shirley misstates the law when he tells petitioner he was required to raise a claim of actual innocence at the state level. He also states, "[b]ased on your letters to me, I could say that other individuals mentioned in your recent letters to me were the guilty parties and that you were actually innocent." Thereafter, Shirley withdrew as petitioner's counsel. As the Court explains above, Shirley withdrew as he felt presentation of the documents attached to petitioner's objections and instantly before the Court would violate rules of professional conduct. Thus, the Court does not interpret Shirley's statement as a belief of petitioner's innocence.

[5] Petitioner's initial petition states he missed the filing date for appealing the denial of his second post-conviction petition in which he first raised ineffective assistance of counsel (Doc. 1, p. 3). The Court finds this does not amount to the requisite showing of cause and prejudice required to review petitioner's claims. *See Bintz v. Bertrand*, 403 F.3d 864, 859 (7th Cir. 2005) (discussing cause); *Perrequet v. Briley*, 390 F.3d 505, 515 (7th Cir. 2004) (discussing prejudice). Further, neither petitioner's amended petition, nor his objections argue that cause and prejudice excuse the default.

claim of actual innocence, the Court adopts the R&R's recommendation of dismissal of petitioner's claims.[6]

### c. COA Denied

Lastly, "[t]he district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant." RULE 11(a), RULES GOVERNING SECTION 2254 CASES. A COA may issue only if the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the Court denies petitioner's Section 2254 petition on the merits and not merely for procedural reasons, the Supreme Court has found "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Dalton v. Battaglia*, 402 F.3d 729, 738 (7th Cir. 2005) ("[R]easonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citation omitted)).

However, instantly applicable, when the district court denies a petition on procedural grounds, a COA should issue when the petitioner shows, at least,

---

[6] The Court notes petitioner has not requested an evidentiary hearing on his petition. Nevertheless, the Court finds that pursuant to Rule 8(a) of the rules governing 28 U.S.C. § 2254 cases, a hearing is not required, as petitioner's claims are procedurally defaulted. Further, the Court finds a hearing is not warranted as to petitioner's claim of actual innocence as he presents no viable, remotely credible evidence of his innocence.

that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484.*; see also Young v. United States*, 523 F.3d 717 (7th Cir. 2008). As petitioner neither demonstrates cause and prejudice, nor presents new, remotely credible evidence of his actual innocence, the Court finds reasonable jurists would not debate the Court's procedural ruling.

### IV.  Conclusion

For the reasons discussed herein, the Court **ADOPTS** the findings of the R&R (Doc. 48) over petitioner's objections (Doc. 54). Thus, petitioner's § 2254 Habeas Petition (Doc. 29) is **DENIED**. Accordingly, petitioner's claim is hereby **DISMISSED WITH PREJUDICE**. Further, the Court **DENIES** petitioner a COA.

**IT IS SO ORDERED.**

Signed this 29th day of March, 2012.

David R. Herndon
2012.03.29
22:47:33 -05'00'

**Chief Judge**
**United States District Court**